IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| QUICKSILVER, INC.<br><br>Plaintiff<br><br>vs<br><br>MICHAEL'S IMPORT WHOLESALE KHRISTIBEL IMPORTS, SOLYMAR IMPORTS, INTERNATIONAL WHOLESALERS, REVOLUTION WAVE IMPORTS, ACCESSORIES COLLECTIONS OUTLET, CHULERIAS, DC WIRELESS, AG LITTLE STORE, VAL-KEY SHOPS, HR COMM. KOSCO, CHINA TOWN LA MODA, PANTALLAS Y PANTALLAS, PUERTO RICO WIRELESS, POUCH & HOLDERS, GISELLY FASHION, MUNDO DE ORO, DIGITAL SOLUTIONS, EASY CELLULAR, INC., VAL-KEY SHOPS, ILLUSION LEATHER, CUESTA JOYEROS, SCALA JEWELRY, JOYERIA FIGALY GOLD MAKER CORP., EASY CELLULAR, INC., COMMUNICART, INC., MP-3 STORE, ACCESORIT, EVERYBODY'S FASHION, FOUR SEASONS, NICOLE ACCESSORIES, FARMACIA MODELO, TIENDA NUESTRAS COSAS & CELULARES, FOTO IMAGEN, TIENDA EVA, ILLUSION OUTLET PLAZA GRAB, DREAM TEAM COLLECTIBLES, CC WIRELESS GROUP, INC., FREE CELLULAR, TIENDA PERFUMES LA MAS GRANDE, CELULARES Y ALGO MAS, AROMAS, FANTASIA Y ALGO MAS, VIVIANA'S, EMOTION, TALK TIME CELLULAR, LYL SHOES, D'HANDBAG STORE, F.I. CELLULARS, TIENDA ANGELINA, LAS GANGAS, ENCANTO, 24 WITO NOVELTY, KUKETERIA, COMMUNIKART, LOS MAHONES SURF, DREAM TEAM, NARA BOOTH, MAS IDEAS, DJ DESIGN MARGINAL LOS ANGELES, CELLULAR COMM., JULNIL FASHION, TECHSOURCE, BEEP CELLULAR<br><br>Defendants | CIVIL 08-2068CCC |

CIVIL 08-2068CCC                                              2

## OPINION AND ORDER

Before the Court is plaintiff Quicksilver, Inc.'s Motion for Summary Judgment (**docket entry 77**), seeking judgements against defendants Revolution Wave Import; Accessories Collection Outlet; Val Franchise Corporation d/b/a as Val-Key Shops located in El Señorial Mall, Río Piedras, Puerto Rico, Plaza Río Hondo Mall, Bayamón, Puerto Rico, and Plaza del Sol, Bayamón, Puerto Rico (hereinafter "Val-Key"); Illusion Leather, Inc., d/b/a Illusion Leather; Carlos Negrón d/b/a/ Illusion Outlet Plaza; Talk Time Cellular Puerto Rico, Inc., d/b/a Talk Time Cellular; Encanto; and Las Gangas for trademark infringement through the sale, distribution and offering for sale of counterfeit merchandise bearing one or more plaintiffs' trademarks. Defendants Techsource, Inc. (docket entry 8) and Val-Key[1] (docket entry 91) opposed the motion, and plaintiff replied (docket entry 102).

### Summary Judgment Standard

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Eileen McCarthy v. Northwest, 56 F.3d 313, (1st Cir. 1995).  The non-moving party must establish the existence of at least one factual issue that is both genuine and material to defeat a properly supported motion.  Brennan v. Hendrigan, 888 F.2d 129, (1st Cir. 1989).

The role of a Motion for Summary Judgment is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791, 794 (1st Cir. 1999).

---

[1]Val-Key Shop located in Plaza Centro Mall, Caguas, Puerto Rico, is also identified as opposing the motion, although plaintiff has not identified it as a defendant against which it seeks summary judgment.

CIVIL 08-2068CCC                                              3

Although a Court analyzing a summary judgment motion must look at the record in the light most favorable to the non-moving party, the Court may not rely merely on unsubstantiated allegations. Rather, the non-moving party may only overcome a summary judgment motion upon presentation of proof sufficient to raise a genuine issue of material fact. See, Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986). Said another way, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion [...]." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

**Analysis**

Plaintiff has submitted evidence that they owns the exclusive rights to the trademarks in issue. See, docket entry 78, Ex. 1-A. As to each defendant, Quicksilver includes sworn statements of the investigators and photographs of the sample pieces of counterfeit merchandise purchased from the former. Id. Ex. 2. Movant also submits sworn testimony that none of the defendants named in the present action were authorized to manufacture, distribute, sell or offer for sale merchandise bearing their trademarks. Id., Ex. 1.

In its opposition, the Val-Key conclusorily argues that plaintiff has failed to show that its marks are subject to protection due to their "distinctiveness," and that there is an issue of fact as to whether any unauthorized use was likely to cause confusion. Without more, defendant conclusorily state that, "the marks "Roxy" and "Quicksilver" constitute generic or descriptive terms and are either devoid of any protection under the Lanham Act or require proof of secondary meaning in order to be protected, which has not been provided by Plaintiff." Val-Key Memorandum, docket entry 92, at 4.

In its opposition to plaintiff's statement of uncontested facts, Val-Key does not contest plaintiff's ownership of the trademarks. As to the second and third uncontested facts, Val-Key, citing its answer to the complaint, which is not evidence, "qualifies" the plaintiff's

CIVIL 08-2068CCC                                              4

statement, asserting that it "had no way to know that the supplier who provided the merchandise in question was not authorized to provide the same and no evidence to said end was brought to its attention until the filing of this Complaint." Val-Key Response to Statement of Uncontested Facts, docket entry 93, at 2.

Said replies are not relevant or responsive to the plaintiff's uncontested statements. Plaintiff's uncontested statements address the unauthorized sales by the Val Franchise Corporation stores, not the entity or entities from which Val-Key purchased the goods: "The Plaintiff has never at any time authorized Val Franchise Corporation to manufacture, sell, distribute or offer for sale any merchandise bearing the Plaintiff's trademarks" and "Val Franchise Corporation has sold, distributed and offered for sale counterfeit merchandise bearing the Plaintiff's trademark." Motion for Summary Judgment, docket entry 77 at 3. Accordingly, the second and third uncontested statements of fact offered by the plaintiff are deemed admitted.

Val-Key's conclusory statement that the marks "Roxy" and Quicksilver" are generic or descriptive terms lacking protection under the Lanham Act or requiring proof of a secondary meaning entitled to protection is incorrect. The trademark's registration on the Principal Register is prima-facie evidence of the validity of the registered mark and of the registrant's right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate. Equine Techs., Inc., v. Equitechnology, Inc., 68 F.3d. 542, 545 (1st Cir. 1995) citing 15 U.S.C. §1115(a), said section entitles the plaintiff to a presumption that its registered trademark is inherently distinctive, as opposed to merely descriptive. Id. Val-Key has offered no evidence whatsoever that would rebut the presumption. Similarly, with regard to the element of confusion, Quicksilver need not demonstrate actual confusion between the registered mark and defendant's counterfeit copy inasmuch as only likelihood of confusion is an essential element of a trademark infringement claim. Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 486 (1st

CIVIL 08-2068CCC                              5

Cir. 1980).  See, also, Equine Techs, Inc., supra, at 546.  Val-Key having offered no evidence or discussion whatsoever on the two points it mentions, we go no further with their analysis.[5]

Accordingly, upon consideration of Plaintiff's Motion for Entry of Summary Judgment against Defendants Revolution Wave Import, Accessories Collection Outlet, Val Franchise Corporation d/b/a Val-Key Shops Plaza Río Hondo Mall; Val-Key Shops Plaza del Sol Mall; Val-Key Shops El Señorial Mall, Illusion Leather, Inc., d/b/a Illusion Leather, Carlos Negrón d/b/a Illusion Outlet Plaza, Talk Time Cellular Puerto Rico, Inc., d/b/a Talk Time Cellular, Encanto, and Las Gangas (hereinafter collectively known as the "Defendants") and this Court being duly aware of the premises, it is hereby ORDERED:

A Permanent Injunction is entered against the above-referenced Defendants pursuant to Fed. R. Civ. P. 65, forever enjoining these Defendants, their officers, agents, servants, employees, and attorneys and upon those persons in active concert or participation with them:

a. From manufacturing, procuring, distributing, shipping, retailing, selling, advertising or trafficking, in any merchandise, including apparel, sunglasses, bags, jewelry and/or related merchandise, not authorized by the Plaintiff, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Plaintiff's Trademarks, or bearing a design or image which is of a substantially similar appearance to the Plaintiff's Trademarks listed on Exhibit A to the Complaint;

---

[5] It is well settled that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived . . . it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . Judges are not expected to be mindreaders.  Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace. Michelson v. Digital Financial Services, 167 F.3d. 715, 719 (1st Cir. 1999); Strahan v. Coxe, 127 F.3d. 155, 172 (1st Cir. 1997).

CIVIL 08-2068CCC                                    6

    b. From passing off, inducing or enabling others to sell or pass off, as authentic products produced by the Plaintiff or otherwise authorized by the Plaintiff, any product not manufactured by the Plaintiff or produced under the control or supervision of the Plaintiff and approved by the Plaintiff, which utilize any of the Plaintiff's Trademarks listed in Exhibit A to the Complaint;

    c. From committing any act calculated to cause purchasers to believe that the Defendants' products are those sold under the control and supervision of the Plaintiff, or are sponsored, approved or guaranteed by the Plaintiff, or are connected with and produced under the control or supervision of the Plaintiff;

    d. From further diluting and infringing Plaintiff's Trademarks and damaging its goodwill;

    e. From causing, aiding, and/or abetting any other person from doing any act proscribed under a, through d above.

    IT IS FURTHER ORDERED that Partial Judgment be entered against these Defendants and in favor of the Plaintiff noted more specifically below:

1. Revolution Wave Import

    To Quiksilver, Inc.
    For the violation of its "Quiksilver" mark,
    pursuant to *15 U.S.C. §1117(c)(1) and (2):* $20,000.00

    To Quiksilver, Inc.
    For the violation of its "Roxy" mark,
    pursuant to *15 U.S.C. §1117(c)(1) and (2):* $20,000.00

**Total Judgment entered against Revolution Wave Import       $40,000.00**

2. Accessories Collection Outlet
    To Quiksilver, Inc.
    For the violation of its "Roxy" mark, pursuant to
    *15 U.S.C. §1117(c)(1) and (2):* $20,000.00

**Total Judgment entered against Accessories Collection Outlet $ 20,000.00**

CIVIL 08-2068CCC                                       7

3. Val Franchise Corporation d/b/a Val-Key Shops Plaza Río Hondo Mall;
   Val-Key Shops Plaza del Sol Mall; Val-Key Shops El Señorial Mall

    To Quiksilver, Inc.
    For the violation of its "Roxy" mark, pursuant to
    *15 U.S.C. §1117(c)(1) and (2):*  $60,000.00

**Total Judgment entered against Val Franchise Corporation d/b/a**
    **Val-Key Shops Plaza Rio Hondo Mall**
    **Val-Key Shops Plaza del Sol Mall**
    **Val-Kay Shops El Señorial Mall**                       **$60,000.00**

4. Illusion Leather, Inc. d/b/a Illusion Leather
    To Quiksilver, Inc.
    For the violation of its "Roxy" mark, pursuant to
    *15 U.S.C. §1117(c)(1) and (2):*  $20,000.00

**Total Judgment entered against Illusion Leather, Inc.**
    **d/b/a Illusion Leather**                                   **$20,000.00**

5. Carlos Negrón d/b/a Illusion Outlet Plaza

    To Quiksilver, Inc.
    For the violation of its "Roxy" mark, pursuant to
    *15 U.S.C. §1117(c)(1) and (2):*  $20,000.00

**Total Judgment entered against Carlos Negrón d/b/a**
    **Illusion Outlet Plaza**                                    **$20,000.00**

6. Talk Time Cellular Puerto Rico, Inc d/b/a Talk Time Cellular
    To Quiksilver, Inc.
    For the violation of its "Quiksilver" mark, pursuant to
    *15 U.S.C. §1117(c)(1) and (2):*  $20,000.00

**Total Judgment entered against Talk Time Cellular Puerto Rico, Inc.**
    **d/b/a Talk Time Cellular**                                 **$20,000.00**

7. Encanto
    To Quiksilver, Inc.
    For the violation of its "Roxy" mark, pursuant to
    *15 U.S.C. §1117(c)(1) and (2):*  $20,000.00

**Total Judgment entered against Encanto**
                                                                 **$20,000.00**

CIVIL 08-2068CCC                                         8

8. Las Gangas
      To Quiksilver, Inc.
      For the violation of its "Quiksilver" mark, pursuant to
      *15 U.S.C. §1117(c)(1) and (2):*  $20,000.00

**Total Judgment entered against Las Gangas**                **$20,000.00**

It is further ORDERED that this Opinion and Order shall operate as a final judgment as to the defendants listed above.

SO ORDERED.

At San Juan, Puerto Rico, on August 9, 2010.

                                      S/CARMEN CONSUELO CEREZO
                                        United States District Judge